Motion to reinstate appeal filed November 12, motion to reinstate allowed November 23, 1970, argued February 17, affirmed February 17, 1971

## STATE OF OREGON, *Respondent, v.* EUGENE MORGAN, *Appellant.*

479 P2d 1018
481 P2d 87

**ON MOTION TO REINSTATE APPEAL**

Richard A. Reichsfeld, Portland, for the motion.

No appearance contra.

Before SCHWAB, Chief Judge, and LANGTRY, FOLEY, FORT and BRANCHFIELD, Judges.

SCHWAB, C. J.

On November 9, 1970, we dismissed the defendant's appeal. On November 12, 1970, defendant moved to reinstate.

Upon trial by jury the defendant was convicted of illegal possession of narcotics, and judgment order was entered on February 17, 1970. On March 20, he served and filed notice of appeal. The court reporter promptly prepared the transcript of testimony and filed it within the 30-day period prescribed by statute, specifically, on April 17. The file before us does not indicate that any problem arose concerning the accuracy or the completeness of the transcript, but, nevertheless, for some reason, an order settling the transcript was not entered until June 16. Rule 12 (2) of this court provides:

> "In criminal cases the appellant's brief shall be served and filed * * * within 30 days after the order of the trial court settling the transcript * * *."[1]

In this case the defendant did nothing for 60 days after the transcript was settled, and then on August 17, moved for a 30-day extension in which to file his abstract and brief. We granted the request. Despite the

---

[1] Rule 2.10 (2), effective January 1, 1971, provides that:
"The appellant's combined brief and abstract shall be served and filed within 25 days * * *."

fact that a further extension of time was neither requested nor granted, defendant's abstract and brief were not received on the date due. On October 7, notice of default was sent to defendant's counsel in accordance with Rule 33 of this court which provides:

"Upon its own motion, the court may dismiss an appeal for want of prosecution or as abandoned, upon 30 days' notice by mail to each of the attorneys who appear of record.

"If no response to such notice is received within 30 days, the appeal shall be deemed abandoned and the clerk shall enter an order of dismissal."[2]

No response was received within 30 days, and on November 9, 1970, the defendant's appeal was dismissed. On November 10, the clerk of this court received in the mail an abstract and a 3½-page brief, and, on November 12, the motion to reinstate.

This court has been lenient in its consideration of requests for extensions of time and in granting relief from default. The fact that delay is almost the rule rather than the exception leads us to the conclusion that such leniency serves neither the public interest nor the interests of individual litigants. In the month of September alone we received 100 requests for extensions of time to perform various acts, and granted most of them.

■ If in this case we allow the order of dismissal to stand, it may well be that the defendant, by alleging incompetence of counsel in a post-conviction proceeding, could obtain a delayed appeal. Realizing that our past tolerance of delay, coupled with our reluctance to terminate an appeal short of decision on the merits,

---

[2] Rule 3.15, effective January 1, 1971, reduces the notice period from 30 days to 15 days.

may have led defendant's counsel into a cavalier attitude toward compliance with the prescribed procedures, we are in this instance reinstating the appeal.

██ This action should not be construed as a portent of similar action under similar circumstances in the future. *Compliance with prescribed time schedules must now be the rule rather than the exception.* It is our intention to grant extensions of time—particularly in criminal cases—sparingly, only when clearly warranted by special circumstances, and only if sought by timely requests.

In this connection, attention of counsel is invited to the new Rules of this court which become effective January 1, 1971. They have been distributed in pamphlet form by the Oregon State Bar, and will be published in Volume 254 of the Oregon Reports.

Motion to reinstate appeal allowed.

## ON THE MERITS

*Richard A. Reichsfeld*, Portland, argued the cause for appellant. With him on the brief were Gregory & Reichsfeld, Portland.

*Jacob B. Tanzer*, Solicitor General, Salem, argued the cause for respondent. With him on the brief was Lee Johnson, Attorney General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

## MEMORANDUM DECISION.

This appeal presented no unusual or difficult questions. Having previously studied the briefs, immediately upon conclusion of argument, and after briefly stating to counsel our reasons, we ruled from the bench. Setting forth those reasons in a detailed opinion would add nothing of value to the existing body of judicial precedent. Our ruling was:

Affirmed.